MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosemary Whittle, | No. CV 17-02842-PHX-GMS (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

## I. Procedural History

On May 11, 2017, Plaintiff Rosemary Whittle, who is confined in the Arizona State Prison Complex-Perryville and is represented by counsel, filed a Complaint in the Superior Court of Maricopa County, Arizona, against Defendants State of Arizona; Arizona Department of Corrections (ADC); "ASPC Perryville Prison"; Warden Kim Currier; Deputy Warden Joshua Karkhoff; Corrections Officers Hermenegildo A. Davila, Oliva Flores, and Toni Darby; Corrections Officer IV Barreas; and a variety of fictitiously named defendants. Defendants State of Arizona, Currier, Karkhoff, Barreas, and Darby, and ADC Director Charles L. Ryan were served on August 4, 2017; Defendant Flores was served on August 7, 2017; and Defendant Davila was served on August 9, 2017. On August 23, 2017, these Defendants filed a Notice of Removal.

## II. Removal

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28

U.S.C. § 1441(a). In her Complaint, Plaintiff alleges, among other things, violations of her constitutional rights under 42 U.S.C. §§ 1983 and 1985. This Court's jurisdiction extends to such claims and the Court has supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. §§ 1331 and 1367(a). In the Notice of Removal, Defendants indicate that all served Defendants have consented to removal. Removal, therefore, is appropriate and timely.

### III. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

In her eight-count Complaint, Plaintiff raises claims under 42 U.S.C. §§ 1983 and 1985 and state tort law. In Count One, she alleges that Defendant Davila sexual assaulted her twice, in violation of the Eighth Amendment prohibition against cruel and unusual punishment; that Defendants Karkhoff, Flores, Barreas, and Darby were deliberately indifferent to her serious medical needs and failed to provide medical attention after Plaintiff was sexually assaulted; and that Defendant State of Arizona violated her Eighth Amendment rights through its policies and practices. In Count Two, Plaintiff claims Defendants Darby, Karkhoff, Barreas, and Flores engaged in a conspiracy to deprive Plaintiff of her right to equal protection and retaliated against her for reporting the sexual assaults. In Counts Three through Eight, Plaintiff raises state law claims of assault (Count Three), battery (Count Four), negligence (Count Five), intentional infliction of emotional distress (Count Six), negligent infliction of emotional distress (Count Seven), and false imprisonment (Count Eight).

The Court will require Defendants to answer the Complaint.

. . . .

TERMPSREF

**IT IS ORDERED:**

(1) Defendants must answer the Complaint or otherwise respond by appropriate motion within 21 days of the date this Order is filed.

(2) Any answer or response must state the **specific Defendant** by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(3) This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(4) This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure and to the **Mandatory Initial Discovery Pilot** pursuant to General Order 17-08.

Dated this 26th day of September, 2017.

_____
Honorable G. Murray Snow
United States District Judge